# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2023

Lyle W. Cayce
Clerk

No. 22-40161
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Isauro Carreto-Cruz,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CR-301-2

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Isauro Carreto-Cruz was convicted by a jury of: conspiracy to possess with intent to distribute and distribution of heroin; conspiracy to possess with intent to distribute and distribution of methamphetamine; and possession of with intent to distribute and distribution of heroin. *See* 18 U.S.C. § 2; 21

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

U.S.C. §§ 841, 846.  He was sentenced to, *inter alia*,  a within-Guidelines range of 78-months' imprisonment.

Carreto contends the district court erred by finding he was a minor participant in the drug conspiracy and granting a two-level reduction to his offense level, pursuant to Sentencing Guideline § 3B1.2(b), instead of finding that he was a minimal participant and granting a four-level reduction under § 3B1.2(a).

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id*. at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, as in this instance, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Guideline 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity".  § 3B1.2 cmt. n.3(A).  Carreto has the burden of demonstrating his entitlement to a minor or minimal role adjustment.  *E.g.*, *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016).

In granting a minor-role reduction but denying a minimal-participant reduction, the court agreed that Carreto was substantially less culpable than the other participants in the offense.  The court noted, however, that Carreto did have some understanding of the scope and structure of the drug-trafficking conspiracy because:  he was present for several of his brother's

drug deals; he acted as a lookout and security for the deals; and the apartment he leased was used as a "stash house". We have upheld the denial of role-reduction adjustments in similar cases. *See, e.g.*, *United States v. Jordan*, 945 F.3d 245, 265 (5th Cir. 2019) (affirming denial of role adjustment where defendant had some knowledge of scope and structure of bank robbery offense; was somewhat involved in planning or organizing; and acted as a lookout, maintained communication throughout offense, and tried to flee scene); *Castro*, 843 F.3d at 612–14 (affirming denial of mitigating role reduction for courier who transported drugs and proceeds as part of drug trafficking organization).

The court's finding that Carreto was entitled to a minor-role reduction but was not a minimal participant in the offense was "plausible in light of the record read as a whole" and, therefore, not clearly erroneous. *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016) (citation omitted). Additionally, to the extent "the factors support a plausible judgment in either direction", the court did not clearly err in denying a minimal-participant adjustment. *United States v. Bello-Sanchez*, 872 F.3d 260, 264–65 (5th Cir. 2017).

AFFIRMED.